| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Richelle Page | **DEFENDANTS**<br>National Collegiate Student Loan Trust 2006-1 & JP Morgan Chase Bank, NA |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Stanley Tate \| Tate Esq LLC \| 745 Old Frontenac Square Suite 202 Frontenac MO  63131 \| 314-243-8810 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

This AP seeks to declare that the loan made by Chase Bank was discharged as part of Debtor's general discharge order because the loan is not a qualified education loan within the meaning of section 523(a)(8)(B).

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☒ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ N/A |

Other Relief Sought

(L.F. 18 Rev. 06/08)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Richelle Page | | BANKRUPTCY CASE NO.<br>10-50203 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Eastern District of Missouri Eastern Division | | DIVISION OFFICE<br>St Louis Division | NAME OF JUDGE<br>Hon. Charles E. Rendlen III |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*Stanley Tate* | | | |
| DATE<br>04/18/2017 | | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Stanley Tate | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet. When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT EASTERN DISTRICT OF MISSOURI

EASTERN DIVISION

| | |
|---|---|
| In re Richelle Page<br>  Debtor<br><br>Richelle Page<br>  Plaintiff<br>v.<br><br>National Collegiate Student Loan Trust 2006-01, JP Morgan Chase Bank NA<br>  Defendants | Case No.: 10–50203<br><br>Adv. Proc. No.:<br><br>Chapter 7<br><br>**Complaint to declare student loan discharged** |

INTRODUCTORY STATEMENT

Chase Bank loaned Richelle about $33 thousand for 6 credit hours she took during one semester at a community college. Before Chase made that loan, the college had already determined Richelle's cost of attendance for those 6 hours to be $1,612 and had given her enough financial aid to cover that cost. The loan Chase made did not cover her cost of attendance. It is not a qualified higher education expense. It is not a qualified education loan. It is a personal loan made by a commercial lender to someone who happened to be a student. It is dischargeable.

PARTIES

1. Plaintiff Richelle Page is a citizen of both Missouri and the United States, who resides in St Louis City, which is in the Eastern District of Missouri.

2. Defendant National Collegiate Student Loan Trust 2006–1 is a statutory trust formed in Delaware. It can be served through its registered agent, Wilmington Trust Company, at Rodney Square North 1100 N. Market St, Wilmington DE 19890.

3. Defendant JP Morgan Chase Bank is a national banking association operating under the laws of the United States. Its corporate headquarters is at 270 Park

Avenue Manhattan NY 10017. Chase can be served through its Chairman and CEO, Jamie Dimon at the Manhattan address.

## JURISDICTION AND VENUE

4. This adversary proceeding is brought under 11 U.S.C. § 523(a)(8) and bankruptcy procedural rules 4007 and 7001(6) and (9).

5. This Court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157 and 1334. Venue is proper in the Eastern District of Missouri under 28 U.S.C. § 1409.

## FACTUAL ALLEGATIONS

**The loan Chase Bank made to Richelle was almost 20x her cost of attendance**

6. Richelle took 6 credit hours as a part-time student during the spring 2006 semester at St Louis Community College. At that time, Richelle had one dependent, resided in the city of St Louis, and worked full-time earning about $11 an hour. The college determined her cost of attendance for that semester to be $1,612. The college gave her enough financial aid to cover that cost.

7. Around that time, Chase Bank sent Richelle an advertisement encouraging her to apply for a personal loan.

8. In January 2006, Richelle took Chase up on its offer and executed an "Education One Undergraduate Loan" for about $33 thousand. Stated differently, Chase loaned Richelle a little over 20x more than what St Louis Community College determined her cost of attendance to be, $1612.

9. Chase disbursed the money directly to Richelle. She used that money to repair her home (roof, water heater, etc.), repair her car, and repay miscellaneous consumer debts.

10. St Louis Community College was not involved in the loan transaction. It did not send her the loan advertisement. It did not process the loan application. It did not disburse the funds. It did not include the loan in the financial aid it awarded her. It did not include the loan in her cost of attendance.

### Richelle filed a chapter 7 bankruptcy, received a general discharge, and was sued for the loan

11. In September 2010, Richelle filed for relief under chapter 7 of the Bankruptcy Code in this Court. She received a general discharge that December.

12. Six years later, National Collegiate Student Loan Trust 2006–1, as purported assignee, sued her in state court seeking to collect on the loan. Richelle moved to dismiss, arguing the loan was discharged as part of her bankruptcy. That case is still pending.

### A primer on the dischargeability of personal loans that exceed the cost of attendance

13. A loan made by a commercial lender to a student is protected from discharge if the loan is a qualified education loan.[1] The Bankruptcy Code defines that phrase — qualified education loan — by incorporating the definition given to it in the Internal Revenue Code.[2]

14. The tax code defines a qualified education loan as a debt incurred "solely to pay qualified higher education expenses…".[3] A qualified higher education expense isn't every expense a student incurs while she's a student. Instead, it is an expense that a college has determined is included in a student's cost of attendance.[4]

15. Cost of attendance is more than tuition. It includes various accompanying educational cost for things like fees, books, supplies, transportation, etc..[5]

---

[1] 11 U.S.C. § 523(a)(8)(B).

[2] Id. (providing that a debtor cannot discharge "any other educational loan that is a qualified education loan, **as defined in section 221(d)(1) of the Internal Revenue Code of 1986**…" without proving undue hardship.) (emphasis added).

[3] 26 U.S.C. § 221(d)(1).

[4] See Section 221(d)(2) ("The term "qualified higher education expenses" means the cost of attendance (as defined in section 472 of the Higher Education Act of 1965, 20 U.S.C. § 1087*ll*…) at an eligible educational institution…".); 26 C.F.R. § 1.221–1(e)(2)(i).

[5] 20 U.S.C. § 1087*ll*.

16. Those costs, however, have a limit. And that limit is set by the college when it determines a student's cost of attendance.[6]

17. Taken together, the definitions for cost of attendance, qualified higher education expenses, and qualified education loan can be synthesized with 11 U.S.C. § 523(a)(8)(B) into this rule statement:

> A loan made by a commercial lender to a person who happened to be a student when the loan was made is dischargeable in bankruptcy if the loan exceeded the student's cost of attendance because the loan was not incurred solely to pay higher education expenses and is thus not a qualified education loan.

CLAIMS FOR RELIEF

### Count 1. Determine the loan to be discharged because it is not a qualified education loan and is thus not excepted from discharge

18. The allegations in paragraphs 1 thru 17 are incorporated here by reference.

19. The loan Richelle executed with Chase is not a qualified education loan within the meaning of 11 U.S.C. § 523(a)(8)(B) because:

   a. Chase is a commercial lender;
   b. St Louis Community College determined Richelle's cost of attendance for the 6 credit hours she took during the spring 2006 semester to be $1612;
   c. The college gave Richelle enough financial aid to cover that cost;
   d. Chase contacted Richelle directly with an advertisement for a personal loan;
   e. Richelle executed a loan with Chase for $30 thousand, which exceed her cost of attendance;
   f. Chase disbursed the loan directly to Richelle;
   g. The college did not include that loan in the financial aid it gave Richelle; and

---

[6] 26 C.F.R. § 1.221–1(e)(2)(i) ("Consistent with section 472 of the Higher Education Act of 1965, a student's cost of attendance is determined by the [college]…."); Federal Student Aid Handbook https://ifap.ed.gov/fsahandbook/attachments/1112FSAHbkVol3Ch2.pdf (visited Mar. 24, 2017) ("The law specifies the types of costs that are included in the cost of attendance, but [the college] must determine the appropriate and reasonable amounts to include for each eligible COA category for [its] students…").

4

    h. When Chase made the loan, the college had already provided enough aid to cover Richelle's cost of attendance.

20. Therefore, the loan was not a qualified education loan and was discharged with her other debts when the general discharge order was entered.

### Count 2. Declare that none of the exceptions to discharge set forth in § 523(a)(8) apply to the loan; therefore, the loan was discharged

21. The allegations in paragraphs 1 thru 20 are incorporated here by reference.

22. None of the subsections to 523(a)(8)(A) apply to the loan Chase Bank made to Richelle because:

    a. When it made the loan, Chase Bank was neither a government entity nor a nonprofit entity; it was, and still is, a commercial lender; and
    b. A loan is neither an educational benefit, nor a scholarship, nor a stipend.

23. Since the loan is not excepted from discharge under § 523(a)(8), Richelle requests declaratory judgment under bankruptcy procedural rule 7001(9) that the loan was discharged when the general discharge order was entered.

### PRAYER

Richelle asks that this Court enter judgment against National Collegiate as follows:

- An order that the loan is discharged;
- An order permanently enjoining collection efforts by the defendants; and
- For other relief this Court deems just and proper.

Respectfully submitted,

*Stanley Tate*
Stanley Love Tate III • Bar No.: 66564
745 Old Frontenac Square • Suite 202
Frontenac MO  63131
314.499.8177 O & F • tate@tateesq.com

5