UNITED STATES BANKRUPTCY COURT EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **In re Richelle Page**<br>　　Debtor<br><br>**Richelle Page**<br>　　Plaintiff<br><br>v.<br><br>**National Collegiate Student Loan Trust 2006–1 & JP Morgan Chase Bank NA**<br>　　Defendants | Case No.: 10–50203–705<br><br>Adv. No.: 17–04062<br><br>Chapter 7<br><br>**Motion to strike** |

Richelle moves to strike paragraphs 11 and 12 of Bradley Luke's affidavit. In support, Richelle states:

1. An affidavit used to support a motion for summary judgment must meet three rigid evidence standards before a court consider it. First, the affidavit must be made on personal knowledge.[1] Second, it must set out facts that would be admissible in evidence.[2] Finally, it must show that the affiant is competent to testify on the matters stated.[3]

2. As it pertains to paragraphs 11 and 12, Mr. Luke's affidavit meets none of those three rigid requirements. In those two paragraphs, Mr. Luke alleges the loan Chase Bank made to Richelle was: (a) guaranteed by The Educational Resources Institute (TERI), a nonprofit; and (b) made under a program funded in part by that same nonprofit.

3. Mr. Luke works as a paralegal for the company National Collegiate hired as its custodian of records, Transworld Systems Inc.[4] His allegations are based solely on the knowledge derived from his duties as an employee of

---

[1] Fed. R. Civ. P. 56(c)(4); Fed. R. of Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.").

[2] *Id.*

[3] *Id.*

[4] Luke Aff. at ¶ 1.

Transworld.[5] There's no showing he ever worked for or received any training from Chase Bank, National Collegiate Funding, LLC (an intermediary assignee), or TERI. He sets out no facts demonstrating how he would have any personal knowledge of TERI's role in Richelle's loan or of TERI's contribution to the loan program her loan was made under.

Neither the affidavit nor its attached exhibits set out facts demonstrating how Mr. Luke obtained that personal knowledge. He is not competent to testify to the allegations made in paragraphs 11 and 12 of his affidavit. Because of that, Richelle moves to strike those two paragraphs.

Respectfully submitted,

*Stanley Tate*
Stanley Tate
Tate Esq LLC
745 Old Frontenac Square Suite 202
Frontenac MO  63131
314-884-1886 o | 314-561-7036 f
tate@tateesq.com

---

[5] *Id.* at ¶ 2.