**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| Richelle Page, ) | Case No. 10-50203-705 |
| ) | |
| ) | Judge Charles E. Rendlen III |
| Richelle Page, ) | |
| ) | |
| Plaintiff, ) | Adversary Case No. 17-04062-705 |
| ) | |
| vs. ) | |
| ) | |
| National Collegiate Student Loan Trust 2006-1, ) | |
| et al., ) | |
| Defendants. ) | |

**DEFENDANT NATIONAL COLLEGIATE STUDENT
LOAN TRUST 2006-1'S RESPONSE TO PLAINTIFF'S MOTION
TO STRIKE**

Now comes Defendant, National Collegiate Student Loan Trust 2006-1 ("NCT" or "Defendant"), by and through counsel, and hereby submits its Response to Plaintiff's Motion to Strike [Doc #33]. For the reasons that follow, Plaintiff's Motion to Strike should be denied it its entirety.

Respectfully submitted,

/s/Melinda J Maune
Melinda J. Maune, #49797MO, mjm@martinleigh.com
Amy Tucker Ryan, #49047MO, atr@martinleigh.com
1044 Main Street, Ste. 900
Kansas City, Missouri 64105
Telephone: (816) 221-1430
Fax: (816) 221-1044
ATTORNEYS FOR NCT

1

**ARGUMENT**

In her Motion to Strike, Plaintiff alleges that paragraphs 11 and 12 of Bradley Luke's Affidavit do not satisfy "rigid evidence standards." Plaintiff's assertions are incorrect as Bradley Luke's Affidavit meets the requirements of Federal Rule of Evidence 803(6).

Courts have noted that though "the foundation witness does not need to have personal knowledge of the underlying facts, the witness does need to 'have knowledge of the procedures under which the records were created.'" In re 3RC Mech. & Contr. Servs., LLC, 502 B.R. 548, 551 (Bankr. N.D. Ill. Nov. 26, 2013) (citing United States v. Christ, 513 F.3d 762, 770 (7th Cir. 2008)). Further, "the witness does not have to have met the person who created the records or even know their existence or identity. Instead, Rule 803(6) merely requires, for records to be admissible as business records, the witness must be familiar with the company's record keeping system. In re McFadden, 471 B.R. 136, 160-161 (Bankr. D.S.C. May 9, 2012) (citing Midfirst Bank, 893 F. Supp. at 1311). Bradley Luke has sufficient knowledge of the procedures related to the creation of those records related Plaintiff's student loans.

In addition, the Eighth Circuit has noted that the "business records exception applies, and the records are deemed admissible, unless problems of untrustworthiness appear. See Fed. R. Evid. 803(6) (providing that records made in course of regularly conducted business will be taken as admissible 'unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness')." Shelton v. Consumer Prods. Safety Comm'n, 277 F.3d 998, 1010 (8th Cir. Mo. Jan. 23, 2002). The court determined that the "language of Fed. R. Evid. 803(6) parallels the principles we

2

articulated in Kehm, where we held that the public records exception assumes admissibility in the first instance and provides that the party opposing admission has the burden of proving inadmissibility." Id. Therefore, the court in Shelton held "that once the offering party has met its burden of establishing the foundational requirements of the business records exception, the burden shifts to the party opposing admission to prove inadmissibility by establishing sufficient indicia of untrustworthiness. See 724 F.2d at 618." Id.

In the present case, Plaintiff has provided no conflicting evidence to suggest that the Affidavit of Bradley Luke is untrustworthy. She has provided no evidence to indicate any of the Affidavit is incorrect. It is provided from "knowledge, derived from duties as representative" for the servicer. See Affidavit.

Plaintiff's proper way to proceed would be to provide evidence contrary to Defendant's Affidavit. Plaintiff will be unable to do so.

## CONCLUSION

As custodian of records, Bradley Luke is familiar with NCT's recordkeeping practices and records system. Plaintiff has provided no conflicting evidence that the Affidavit of Bradley Luke lacks trustworthiness.

**WHEREFORE**, NCT respectfully requests that Plaintiff's Motion to Strike be denied in its entirety.

        Respectfully submitted,
        MARTIN LEIGH PC

        *s/Melinda J Maune*
        Melinda J. Maune, #49797MO, mjm@martinleigh.com
        Amy Tucker Ryan, #49047MO, atr@martinleigh.com
        1044 Main Street, Ste. 900
        Kansas City, Missouri 64105
        Telephone: (816) 221-1430
        Fax: (816) 221-1044
        ATTORNEYS FOR NCT

## **CERTIFICATE OF SERVICE**

The undersigned does hereby certify that on September 19, 2017, a true and correct copy of the above was electronically filed via the Court's ecf filing system and that I served by first class United States mail, postage prepaid, a true and correct copy of the Response to Motion to Strike, upon the following persons:

Richelle Angela Page, Plaintiff
4341 Kennerly Ave
Saint Louis, MO 63113

Stanley L Tate, III
TATE esq llc
745 Old Frontenac Square
Suite 202
Frontenac, MO 63131
Email: tate@tateesq.com

        By:/s/Melinda J Maune

        Counsel for :
        National Collegiate Student Loan Trust 2006-1